### FRED HAAG v. THE STATE.

No. 7492.   Decided February 28, 1923.

Rehearing Denied March 21, 1923.

1.—Defacing Public Building—Sufficiency of the Evidence.

Where, upon trial of defacing a public building, to wit, the city jail of Taylor, the evidence showed that the defendant was the only occupant in said jail at the time, and that he left the jail with broken windows, and that the bunk which was fastened to the wall was broken down, and mattresses, etc., were set on fire, the conviction was sustained.

2.—Rehearing—Practice on Appeal.

Where, upon motion for rehearing, this Court has again considered the record on appeal, and finds that its original opinion is correct, and the motion for rehearing is overruled.

Appeal from the County Court of Williamson.   Tried below before the Honorable F. D. Love.

Appeal from a conviction of defacing a public building; penalty, a fine of $5

The opinion states the case.

*W. C. Wofford,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Williamson County of the offense of defacing a public building, and his punishment fixed at a fine of $5.

The record is before us without a single bill of exceptions. It appears from the statement of facts that on the 15th of May, 1922, appellant was arrested and placed in the city jail of Taylor. Said city jail was a public building, and belonged to said city. The next morning when the officers went to said city jail they found that the windows had been broken and a bunk that was fastened to the wall was broken down from the wall and the quilts and mattress of said bunk had been set on fire and partially burned. There were no other occupants of the city jail on that night. A city employee, who heard noises in the city jail during the night and went to ascertain the cause, found appellant and talked to him and he said that appellant seemed to be very mad at the officers. The witness stated that he noticed the windows in the city jail the evening before appellant was placed in the bastile and the glass was in them and they were all right, and when he went into the jail the next morning the glass was broken and the bed which was fastened to the wall with heavy iron hinges had been broken loose. We are only called upon to pass on the sufficiency of this testimony to make out appellant's guilt of the offense defined by Article 840 of our Penal Code, which provides that if any person shall wilfully injure or deface any public building, or the furniture therein in this State, he shall be fined not less than five nor more than five hundred dollars. By the provisions of Article 841, P. C. jails of municipalities are in terms made public buildings. In our opinion the evidence sufficiently shows the guilt of appellant, and the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

March 21, 1923.

LATTIMORE, Judge.—Appellant insists that the evidence was not sufficient to show him guilty of wilfully injuring and defacing the furniture of the city jail at Taylor on the occasion charged. There is nothing in the record to indicate that other officers in the city of Taylor might have arrested other parties and put them in jail on the night in question. The only officers who did testify stated that there were

no other persons put in the jail on that night. That the bunk or bed in the jail was broken loose from its fastenings to the wall as well as fire set to the mattress on the bed, seems without controversy.

Being unable to agree with the contention of learned counsel for appellant, the motion for rehearing will be overruled.

*Overruled.*